<div align="right">ALBANY,<br>August, 1811.</div>

<div align="right">M'LEAN<br>v.<br>WHITING.</div>

<div align="center">Motion granted.</div>

<div align="center">M'LEAN <i>against</i> WHITING.</div>

H. BLEECKER, for the defendant, moved that he be discharged from imprisonment, on a *ca. sa.* issued in this cause.

The affidavit of the defendant stated, that he was sued by bill, on a *bond* executed by him and *Daniel Powers*, by which they were, jointly and severally, bound to the plaintiff in 450 dollars, conditioned to pay 221 dollars and 87 cents, by instalments of 55 dollars each; that a judgment was confessed for the penalty; that only one instalment was due when the suit was commenced, and two only when judgment was entered; that the defendant was taken on a *ca. sa.* for 117 dollars; that a suit was commenced upon the same bond against *Powers*, and judgment entered, by confession, for the penalty; that several bills of costs were taxed in the suits, and that since the defendant had been taken on the *ca. sa. Powers* had been also taken on a *ca. sa.*, and the attorney for the plaintiff had received from him satisfaction of the execution, either in money or its equivalent, and had discharged him from imprisonment.

*Paine,* contra, read an affidavit, which stated that several judgments were obtained against the defendant and

<div style="font-size:small">Separate suits were brought against A. and B., two joint obligors on a bond, payable by instalments, and a <i>ca. sa.</i> was afterwards issued against B. for the costs taxed in the suit against him, and not for the instalment, from which he was discharged after paying the costs. It was held that the discharge of B. from the <i>ca. sa.</i> for the costs, was no discharge of A. the co-obligor, nor a satisfaction of the debt for which A. was imprisoned.</div>

*Powers;* that a *fi. fa.* was issued against *Powers,* for the two instalments which were payable, and for the costs taxed against him, on which *nulla bona* was returned; that on the *ca. sa.* against the defendant, the sheriff was ordered to collect the said two instalments and interest, but no part of the taxed costs; that, afterwards, a *ca. sa.* was issued against *Powers* for *the costs taxed against him only,* and the amount of these only was the sheriff ordered to collect with his fees, but no part of the instalments; that *Powers,* on paying the costs, was discharged from custody, but no further release was intended.

*Per Curiam.* The defendant, *Whiting,* is charged in execution, for two of the instalments, but not for any costs, and *Powers* was charged in execution only for the costs of the suit against him. His discharge from these costs does not, and ought not, to affect the execution against *Whiting;* for the demands were distinct, and *Whiting* was never answerable for those costs. The rule that a release of one co-obligor from his debt, or a discharge of one co-obligor from execution, should enure as a release or discharge of all, is founded upon the just principle, that the party should not receive more than one satisfaction for the same debt, but that principle is inapplicable to this case. The discharge of *Powers* from his costs was no satisfaction of the debt for which *Whiting* was imprisoned; the motion is therefore denied.

Motion denied.